**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ADAM ERIC CHAVEZ,

       Movant,

vs.                                No. CV 20-00599 WJ/SMV
                                         No. CR 09-00504 WJ

UNITED STATES OF AMERICA,

       Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2255 Proceedings on the Motion and Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 filed by Movant, Adam Eric Chavez (CV Doc. 1, 4; CR Doc. 92) ("Motion"). The Court will dismiss the Motion and deny a certificate of appealability.

### Factual and Procedural Background

Movant Adam Eric Chavez was charged with being a felon in possession of a firearm or ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (CR Doc. 2). Movant Chavez pled guilty to the charge by a Plea Agreement. (CR Doc. 38 at 2). In the Plea Agreement, Chavez admitted that he had previously been convicted of a felony, knowingly possessed a gun and ammunition, and that a factual basis existed for each element of the crime. (CR Doc. 38 at 3, 6). On April 9, 2010, the Court entered Judgment and imposed a sentence of 27 months of incarceration and 3 years of supervised release. (CR Doc. 48). Consistent with the waiver in his Plea Agreement, Chavez did not appeal the conviction or sentence.

While on supervised release, a warrant was issued for Chavez due to a violation of the terms of his supervised release.  (CR Doc. 51).  The Court entered Judgment on revocation of Movant's supervised release on October 17, 2012).  On October 17, 2012, the Court ordered 12 months of incarceration but did not impose any term of supervised release.  (CR Doc. 87).  Movant Chavez did not appeal the Judgment revoking supervised release.

Almost eight years later, Chavez filed a handwritten letter seeking relief under the U.S. Supreme Court's decision in *Rehaif v. United States,* 139 S.Ct. 2191 (2019). (CV Doc. 1, CR Doc. 92).  The Court entered an Order under *Castro v. United States,* 540 U.S. 375 (2003), advising Chavez that the Court intended to construe his letter as a first motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  (CV Doc. 2; CR Doc. 93).  The *Castro* Order granted Chavez the opportunity to amend his filing to assert any claims he has under § 2255 or withdraw the letter to avoid having future §2255 motions treated as second or successive motions. (CV Doc. 2; CR Doc. 93).

Movant Chavez chose to file an amended § 2255 Motion.  (CV Doc. 4).  Chavez's Motion asserts a claim that his 922(g)(1) conviction is invalid under *Rehaif* and his conviction should be set aside.  (CV Doc. 4 at 6-11).

### Section 2255 Review

Chavez seeks collateral review of his sentence under 28 U.S.C. § 2255.  Section 2255 provides:

> "A prisoner in custody under a sentence of a court established by
> Act of Congress claiming the right to be released upon the ground
> That the sentence was imposed in violation of the Constitution or
> Laws of the United States, or that the court was without jurisdiction
> To impose such sentence, or that the sentence was in excess of the
> Maximum authorized by law, or is otherwise subject to collateral
> Attack, may move the court which imposed the sentence to vacate,
> Set aside or correct the sentence."

28 U.S.C. § 2255(a).

Section 2255(a) requires that, in order to challenge a conviction or sentence under § 2255, the movant must be in custody for the challenged conviction or sentence. *Maleng v. Cook,* 490 U.S. 488 (1989) (per curiam). Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a§ 2255 habeas attack upon it. *Id.* at 492. Where a defendant has fully served his sentence, he is no longer "in custody" on that conviction and cannot challenge that conviction under § 2255. *See id.; see also Lackawanna Cty. Dist. Attorney v. Coss,* 532 U.S. 394, 401 (2001) (holding that because the petitioner "is no longer serving the sentences imposed pursuant to his [prior] convictions ... [he] cannot bring a federal habeas petition directed solely at those convictions"); *United States v. Reymundo-Lima*, 643 F. App'x 668, 669 (10th Cir. 2016).

Movant Chavez has multiple convictions for federal crimes in this Court.  *See* No. CR 09-00504 WJ, No. CR 12-00443 WJ, and No. CR 16-00895 WJ.   Based on the record in his criminal cases, it appears that Movant Chavez has completed his sentence in this case, CR 09-00504 WJ, and is no longer in custody for that conviction and sentence.  Instead, it appears that he is currently incarcerated and serving the sentence imposed in No. CR 16-00895 WJ.  From the record, then, it appears that Movant Chavez is no longer in federal custody for the conviction and sentence he challenges in this proceeding as required by § 2255(a).  Therefore, he is not eligible for § 2255 relief and his § 2255 claims must be dismissed.  *Maleng v. Cook,* 490 U.S. at 492; *United States v. Reymundo-Lima*, 643 F. App'x at 669.

Alternatively, if Chavez is still in custody, then his § 2255 claims are barred by the statute of limitations.  Claims for collateral review under § 2255 are governed by a 1-year statute of

limitations.  Section 2255(f) sets out the statute of limitations governing motions for collateral

review of convictions and sentences:

> "A 1-year period of limitation shall apply to a motion under this
> section.  The limitation period shall run from the latest of—
>
>> (1) the date on which the judgment of conviction becomes
>> final;
>> (2) the date on which the impediment to making a motion
>> created by governmental action in violation of the
>> Constitution or laws of the United States is removed,
>> if the movant was prevented from making a motion by such
>> governmental action;
>> (3) the date on which the right asserted was initially recognized
>> by the Supreme Court, if that right has been newly recognized
>> by the Supreme Court and made retroactively applicable to cases
>> on collateral review; or
>> (4) the date on which the facts supporting the claim or claims
>> presented could have been discovered through the exercise of
>> due diligence."

28 U.S.C. § 2255(f).  Because he seeks § 2255 relief more than one year after his sentencing,

Chavez seeks collateral review in reliance on a right newly recognized by the Supreme Court in

*Rehaif*.  See 28 U.S.C. § 2255(f)(3).  (CV Doc. 4 at 11).

Chavez claims that *Rehaif* is retroactively applicable on collateral review.  (CV Doc. 4 at

11-12).  However, the majority of courts have held that *Rehaif* is not retroactively applicable

for purposes of collateral review. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019);

*U.S. v. Class*, 930 F.3d 460, 469 (D.C. Cir. 2019); *Littlejohn v. U.S.*, 2019 WL 6208549, at *2

(W.D. N.C. 2019); *Moore v. U.S.*, 2019 WL 4394755, at *2 (W.D. Tenn. 2019); *Doyle v. U.S.*,

2020 WL 415895 (S.D. Ohio 2020); *Clay v. U.S.*, 2019 WL 6842005, at *3 (E.D. Mo. 2019);

*U.S. v. Shobe*, 2019 WL 3029111, *2 (N.D. Okla. 2019); *U.S. v. Grigsby*, 2019 WL 3302322, at

*1 (D. Kan. 2019); *U.S. v. Benton*, 2020 WL 132276, at *2 (W.D. La. 2020); *In re Sampson*, 954

F.3d 159 (3rd Cir. 2020); *Khamisi-El v. United States,* 800 F. App'x 344 (6th Cir. 2020); *Barela v.*

4

*United States,* No. 13-CR-3892 KWR-JFR, 2020 WL 519474, at *3 (D.N.M. 2020).  Chavez

cites *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020) as precedent for his argument that he is

entitled to relief based on *Rehaif*.  (Doc. 4 at 8).  However, *Gary* was a direct appeal from the

defendant's criminal conviction, not a collateral review case under § 2255. *Gary,* 954 F.3d at

198-99.  *Gary* does not support retroactive application of *Rehaif* on collateral review.

Chavez's judgment of conviction became final in April 2010. *Clay v. United States*, 537

U.S. 522, 524 (2003).  Because *Rehaif* is not retroactively applicable on collateral review, the one-

year statute of limitations on Chavez's § 2255 claim began running in April of 2010 and expired

one year later.  Alternatively, if Chavez's claim is deemed to run from the Judgment on revocation

of supervised release, the statute of limitations commenced running in late 2012 and expired in

2013.

The statute of limitations is subject to equitable tolling, but equitable tolling is restricted to

rare and exceptional circumstances. To be entitled to equitable tolling, a defendant must show (1)

that he has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood

in his way and prevented timely filing. *Lawrence v. Florida,* 549 U.S. 327, 336 (2007) (citing *Pace*

*v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). An inmate bears a heavy burden to show specific facts

to support her claim of extraordinary circumstances and due diligence. *Yang. v. Archuleta,* 525

F.3d 925, 928 (10th Cir. 2008).  *See also, Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998); *United*

*States v. Martinez,* 303 F.App'x 590, 596 (10th Cir. 2008). Further, circuit precedent is clear that

courts should use equitable tolling sparingly. *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir.

2000). The Tenth Circuit has consistently found equitable tolling not appropriate absent truly

extraordinary circumstances. *See Garza v. Kansas,* 449 F.App'x 734 (10th Cir.2011) (equitable

tolling inappropriate where defendant made reference to his medical history but otherwise did not

explain his multiple-year delay in seeking federal relief); *United States v. Buckaloo,* 257 F.App'x 88, 89–90 (10th Cir. 2007).

Other than *Rehaif*, Chavez does not present any basis to alter or toll the running of the one-year limitation period of § 2255(f), and the revocation of his supervised release does not serve to toll or re-start the statute of limitations on his original conviction.  *See United States v. Terrones-Lopez*, 447 F. App'x 882, 884-85 (10th Cir. 2011).  Chavez has not made any showing that the limitation period should run from a different date or that extraordinary circumstances exist to toll the running of the statute of limitations. *See* 28 U.S.C. § 2255(f)(2), (3), or (4); *Marsh v. Soares,* 223 F.3d 1217, 1220-21 (10th Cir. 2000).

Chavez's handwritten § 2255 motion was not filed until June 22, 2020, nine years after the statute of limitations ran on challenging his original conviction and almost eight years after entry of Judgment on revocation of his supervised release.  Because *Rehaif* is not retroactively applicable, Chavez's § 2255 motion is barred by the one-year statute of limitations under 28 U.S.C. § 2255(f).  Therefore, the Court will dismiss Movant Chavez's Amended § 2255 Motion as untimely. The Court also determines, *sua sponte* under Rule 11(a) of the Rules Governing Section 2255 Cases, that Chavez has failed to make a substantial showing that he has been denied a constitutional right.  The Court will deny a certificate of appealability.

**IT IS ORDERED** that Movant Adam Eric Chavez's Motion and Amended Motion to Vacate, Set Aside Criminal Conviction and Sentence Pursuant to 28 U.S.C. Section 2255 (CV Doc. 1, 4; CR Doc. 92) are **DISMISSED** either for failure to meet the custody requirement of § 2255(a) or, alternatively, as untimely under § 2255(f), and a certificate of appealability is **DENIED**.

_____

CHIEF UNITED STATES DISTRICT JUDGE